## COURT OF SPECIAL SESSIONS — NEW YORK — FIRST DEPARTMENT.

### December 26, 1922.

### THE PEOPLE v. HENRY SMALL.

PRACTICE.

When the public prosecutor fails to prove some fact on the trial that is necessary to be proved, in order to justify a conviction, the prisoner's counsel must call the attention of the court and counsel to the omission; and if he does not, and conviction follows, the prisoner cannot afterwards insist upon the defect of proof as a ground for reversing the judgment. But where there is in fact no legal proof of the offense charged in the indictment, it is the duty of the court to direct a verdict in favor of the accused or upon appeal to reverse the judgment.

Before: Hon. CLARENCE EDWARDS, P. J.; JAMES J. McINERNEY, JOHN J. FRESCHI, JJ.

*Louis A. Cuvillier*, for appellant.

*Joab H. Banton, District Attorney (Felix C. Benvenga* of counsel), for respondent.

This is an appeal from a determination of a city magistrate in the Twelfth District City Magistrate's Court on the 19th day of September, 1922, adjudging the defendant guilty of vagrancy, in having violated the provisions of the Tenement House Law by knowingly residing in a house of prostitution, maintained and kept in the building occupied as a tenement · house within the meaning of such law, and committing the defendant to imprisonment in the workhouse for a definite period of six months.

EDWARDS, P. J.:

The information before the magistrate in this case charged the defendant with being a vagrant under provisions found in article 8 of the Tenement House Law, section 150. As necessary proof in such case, it must appear that the acts committed occurred in a tenement house. Therefore, the fact of the place being a tenement house is of the essence of the offense here charged. There is no proof in the record returned that the place specified was a tenement house. The fact that the defendant did not specifically point out this defect in the proofs against him will not sustain the judgment in the absence of such proofs. The rule is well stated by Mr. Justice Mullin in Babcock v. People (15 Hun, 347) at pages 352, 353, as follows:

" When the public prosecutor fails to prove some fact on the trial that is necessary to be proved, ·in order to justify a conviction, the prisoner's counsel must call the attention of the court and counsel to the omission; and if he does not, and conviction follows, the prisoner cannot afterward insist upon the defect of proof as a ground for reversing the judgment. But when there is in fact no legal proof of the offense charged in the indictment, it is the duty of the court to direct a verdict in

favor of the accused, or upon appeal to reverse the judgment."

I therefore vote to reverse the judgment and order a new trial in the Magistrate's Court.

Judgment of conviction reversed for errors of fact and a new trial is ordered to be held in the City Magistrate's Court, Twelfth District, Borough of Manhattan, on the 2d day of January, 1923, at the opening of court thereof. Bail one thousand dollars.

All concur.